# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DAHLIA DOGGINS,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:25-CV-00327** |
| § | |
| **RUIZ FOOD PRODUCTS, INC.,** § | |
| § | |
| *Defendant*. § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Ruiz Food Products, Inc. ("Ruiz Foods" or "Defendant") files its Answer to Plaintiff Dahlia Doggins' ("Doggins" or "Plaintiff") Original Complaint (the "Complaint").

## INTRODUCTION

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant neither admits or denies the allegations of Paragraph 2 of the Complaint as they appear jurisdictional in nature and require no factual response.

3. Defendant neither admits or denies the allegations of Paragraph 3 of the Complaint as they appear jurisdictional in nature and require no factual response.

## PARTIES

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant is without sufficient evidence to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF**
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Discrimination)**

22. In response to Paragraph 22 of the Complaint, Defendant reasserts its responses to the prior paragraphs of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant neither admits or denies the allegations of Paragraph 26 of the Complaint. To the extent necessary, Defendant admits that Plaintiff requests relief outlined in Plaintiff's Compliant.

## DEMAND FOR JURY TRIAL

27. No factual response is necessary to Plaintiff's jury demand.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the denials above, and without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following affirmative and other defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

1. Defendant and Plaintiff entered into a valid and enforceable arbitration agreement, thus the correct venue for this action is in arbitration.

2. Defendant avers that at all times relevant to this suit it acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

3. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Plaintiff participated in and contributed to the conduct complained of.

4. Defendant avers that Plaintiff has failed to mitigate damages, if any. To that extent, Plaintiff may not recover from Defendant.

5. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits, by any duplicative awards, and by any damages caused by Plaintiff, to Defendant.

6. Actions taken by Defendant towards Plaintiff were taken for legitimate nondiscriminatory and nonretaliatory reasons.

7. Defendant denies that it was motivated by any unlawful animus when it took employment actions with regard to Plaintiff. Defendant asserts, however, that it would have made the same employment decision(s) irrespective of any alleged unlawful motive.

8. Defendant avers that no conduct attributable to Defendant was the cause in fact, or legal cause, of the damages, if any, suffered by Plaintiff.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or after-acquired evidence.

10. Defendant specifically invokes all statutory limitations of liability applicable to any and all asserted causes of action in this case, including all applicable exemplary damages caps or limitations.

11. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

12. Any action taken outside the course and scope of an employee of Defendant's employment and contrary to Defendant's policies, was not ratified, confirmed, or approved by Defendant.

13. Defendant asserts that it fully accommodated all limitations as requested by Plaintiff. Alternatively, Defendant asserts that all or part of the accommodations sought or requested by Plaintiff presented an undue hardship.

## PRAYER

WHEREFORE, Defendant respectfully prays that the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice. Defendant

further seeks any other relief to which they show to be justly entitled.

Dated:  June 2, 2025			Respectfully submitted,


							By:	*/s/ Paul E. Hash*
								Paul E. Hash
								Texas Bar No. 09198020
								Paul.Hash@jacksonlewis.com
								Kyle Yaptangco
								Texas Bar No. 24126756
								Kyle.Yaptangco@jacksonlewis.com
								JACKSON LEWIS P.C.
								500 N. Akard, Suite 2500
								Dallas, Texas  75201
								PH:  (214) 520-2400
								FX:  (214) 520-2008

								**ATTORNEY FOR DEFENDANT**
								**RUIZ FOOD PRODUCTS, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 2nd day of June, 2025.

							*/s/ Paul E. Hash*
							Paul E. Hash